# FILED

NOT FOR PUBLICATION

MAR 03 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOYCE WALKER; KIM BRUCE HOWLETT; MURIEL SPOONER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST, a Texas corporation,<br><br>Defendant-Appellee. | No.   15-55809<br><br>D.C. No.<br>2:10-cv-09198-JVS-RNB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted February 7, 2017
Pasadena, California

Before:  SCHROEDER, PREGERSON, and MURGUIA, Circuit Judges.

This is an appeal from a judgment against the Plaintiffs seeking to represent

a class of more than 40,000 purchasers of indexed universal life insurance policies

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

issued by the Defendant Life Insurance Company of the Southwest ("LSW").

Plaintiffs alleged multiple claims of fraud as well as misrepresentation and

violations of California statutes. The court ruled as a matter of law that Plaintiffs

could not predicate California Unfair Competition Law ("UCL") claims on

California's Illustration statute, § 10509.950, et seq., because the statute lacks a

private cause of action. The district judge tried the common law claims to a jury,

which resulted in a defense verdict, and tried the UCL claims to the court, resulting

in a ruling in favor of LSW. We conclude that the district court erred in its

interpretation of California law with respect to the UCL claims based on violations

of the Illustration statute, but affirm with respect to all other issues raised on

appeal.

1. It is true that the Illustration statute lacks an express private cause of

action, but in California, UCL claims are not barred in the circumstances before us.

The California Supreme Court has held that private UCL claims are barred only

when the underlying statute either actually bars private rights of action or provides

a "safe harbor" that renders the alleged conduct lawful. *Cel-Tech Commc'ns, Inc.*

*v. Los Angeles Cellular Tel. Co*, 973 P.2d 527, 542 (Cal. 1999); *see also Rose v.*

*Bank of Am., N.A.*, 304 P.3d 181, 186 (Cal. 2013) (holding that even the abolition

of a private right of action in an underlying statute "does not amount to a bar

2

against UCL claims" premised on that statute). The Illustration statute contains no safe harbor, nor does it contain any bar to all private rights of action. Further, the Illustration statute's reference to California Insurance Code § 790.06 is not sufficient to demonstrate that the California legislature intended to bar a private right of action. Accordingly, the district court's judgment on those claims must be reversed.

2.      Plaintiffs also brought a number of "bait and switch" claims on the basis of differences between the illustrations and the actual insurance policies. After the bench trial, the district court ruled that the illustrations were neither deceptive nor unfair in depicting policy charges, interest calculation methods or, reduction of administrative charges. Although the evidence showed the presale illustrations did not include information about the policy charges and interest calculation methods, it also showed that this information was provided in the policies themselves. Further, when Plaintiffs received the policies they were provided with a ten-day grace period allowing them to cancel the policy for any reason. The record further reflects that there were individual presentations to each of the Plaintiffs in which charges were discussed. The evidence supports the district court's finding that the illustrations of the policy charges and interest rates were not unfair or deceptive.

With respect to administrative charges, Plaintiffs focus on the illustrations' depiction of the monthly charge being reduced or disappearing after ten years. Although LSW may not have made any express disclaimer or guarantee of the charges' reduction or disappearance, there is no indication that this depiction was a "substantial factor" that influenced the Plaintiffs' decision to purchase their policies. *See In re 10 Tobacco II Cases*, 207 P.3d 20, 39 (Cal. 2009).

The district court's class decertification order with respect to the bait and switch claims must also be affirmed. This is because the claims have no merit. Any claimed inaccuracy in the district court's analysis is immaterial.

3. Plaintiffs also brought a number of claims in relation to alleged defects in the illustrations' treatment of the effects of stock market volatility and expected tax benefits. Plaintiffs failed to show that the illustrations were defective in regard to the potential for lapse as a result of market volatility, especially considering the illustrations' clear disclaimers that Plaintiffs should not expect consistent market performance. Further, the district court did not abuse its discretion in excluding three pieces of evidence Plaintiffs' proffered in support of these claims.

Plaintiffs also argue that LSW violated the UCL by failing to disclose the results of its "stochastic" simulations (a.k.a. Monte Carlo simulations),

4

mathematical analyses used to predict future policy performance such as the likelihood of lapse. The district court may well have been incorrect in holding that the Illustration statute absolutely bars insurers from disclosing stochastic simulation results. The statute appears to bar only illustrations limited to above-average depictions and does not appear to bar the depictions of average performance that incorporate above- and below-average data points, as portrayed in stochastic simulations. The critical point is, however, that even though LSW could have shown such simulations in its illustrations, it was not required to do so, and hence there was no violation of the UCL in LSW's choice not to show such simulations.

We therefore affirm the district court's judgment on all claims other than the UCL claims premised on the Illustration statute. As to those claims, we reverse the judgment and remand for further proceedings, including consideration of whether any class action may be maintained with respect to those claims.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED**. Plaintiffs' request for judicial notice is **GRANTED**. Each party is to bear its own costs.